



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Joe Kunschik, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. O-2674
Re: (a) Whether Article 5169, Vernon's
Annotated Civil Statutes, requires
double pay for overtime for female
employees in cleaning and pressing
establishments; (b) Whether Article
1572, Vernon's Annotated Penal Code,
prescribes a criminal penalty for
failure to provide double pay for
overtime work of female employees.

This will acknowledge receipt of your letter of
August 22, 1940, requesting the opinion of this department
upon the following questions:

"Your opinion is respectfully requested upon
the question of whether a cleaning and pressing
establishment would be required by the provisions
of Article 5169, R.C.S., to pay female employees
double their regular wages for all time worked be-
tween nine and eleven hours during any calendar
day within a calendar work-week of fifty-four hours.

" * * * *

" * * * *

"Your opinion is also requested as to whether
Article 1572, P.C., as amended, prescribes a
criminal penalty for failure to pay double time,
if and when double time is applicable, or whether
Art. 5169, R.C.S., merely provides a civil right
for the female employees with reference to double
time."

The pertinent statutes are Articles 5169, Ver-
non's Annotated Civil Statutes and 1569, Vernon's Annotated

Penal Code. These articles, as amended, read, in part, as follows:

"Art. 5169.

No female shall be employed in any laundry for more than fifty-four hours in one calendar week; the hours of such employment to be so arranged as to permit the employment of such female at any time so that she shall not work more than a maximum of eleven hours during the twenty-four hours' period of one day. If such female is employed for more than nine hours in any one day she shall receive pay at the rate of double her regular pay for such time as she is employed for more than nine hours per day."

"Art. 1569.

No female shall be employed:

" * * * *

"3. In any laundry or cleaning and pressing establishment for more than fifty-four (54) hours in one (1) calendar week; the hours of work to be so arranged as to permit the employment of such female at any time so that she shall work more than a maximum of eleven (11) hours during the twenty-four (24) hour period of one (1) day.

" * * * . "

Both Articles 1569 of the Penal Code and 5169 of the Civil Statutes, as originally enacted, sprung from Ch. 56, Acts 1915, p. 105. At that time and at the time of the codification in 1925 the statutes nowhere included the business of operating a cleaning and pressing establishment. The term "laundry" alone was used. In 1933 the Legislature changed paragraph 2 of Article 1569 and added after the word "laundry" the phrase "or cleaning and pressing establishment." Acts 1933, 43rd Leg. R.S., p. 285, ch. 114. Article 5169 providing for double pay for overtime work remained unchanged. The word "laundry"

Hon. Joe Kunschik, Commissioner, Page 3

alone appears.

We believe the amending of Article 1569 to specify "cleaning and pressing establishments" and the failure likewise to change Article 5169 is significant. From the legislative history of these articles it is apparent that the Legislature has at all times particularized as to the type of businesses included within their purview. It seems reasonable to assume that the Legislature had in mind the generally accepted distinction between a "laundry" and a "cleaning and pressing establishment". The former has been generally defined by the courts as a place where soiled clothes are washed and ironed.

 Commonwealth v. Pearl Laundry Co., 105 Ky. 259,
  49 S.W. 26;
 State v. Wah Lee, 49 R.I. 491, 144 Atl. 159;
 Ruban v. City of Chicago, 330 Ill. 97, 161 N.E. 133.

The latter is identical with the implication from its name - a place where dry-cleaning and pressing work is performed on clothes.

 Ware v. Armor 212 Ky. 152, 278 S.W. 593.

While a broad definition of the word "laundry" would undoubtedly include work commonly performed in cleaning and pressing establishments, it is a rule of law that words are to be given their commonly understood meanings unless the Legislature has indicated that they are to be defined differently.

It follows and you are respectfully advised in answer to question one that a business establishment performing no laundry work and operating only as a cleaning and pressing establishment is not required under Article 5169 of the R.C.S., to provide double pay for female employees for such time as they are employed more than nine hours per day.

Your second question is whether or not Article 1572, Vernon's Annotated Penal Code, as amended, prescribes a criminal penalty for failure to pay double time to female employees. Article 1572 reads as follows:

"Any employer, overseer, superintendent, foreman or other agent of any such employer who shall permit any female to work in any place mentioned in the first Article of this Chapter more than the number of hours provided therein in any one (1) day of twenty-four (24) hours or in any one (1) week, or who shall violate any of the other provisions or requirements of this Chapter in any respect, or who having furnished and provided suitable seats as provided for in the second Article of this Chapter, shall be intimidation, instruction, threats, or in any manner prevent such female from sitting thereon, when not attending the duties of her position, shall be fined not less than Fifty Dollars ($50.00) nor more than Two Hundred Dollars ($200.00). Each day of such violation and each employee week of such violation, and each such employee permitted to work in said places more than the hours so specified in this Chapter, and every other violation of the provisions of this Chapter shall be considered a separate offense." (Underscoring ours).

It is the opinion of this department and you are advised that while Article 1572 provides that anyone violating any of the provisions of Chapter III of Title 18 of the Penal Code shall be guilty of a misdemeanor, Chapter III nowhere provides for the payment of double time by employers for working female employees overtime. A civil remedy at law only is provided in Article 5169 for female laundry employees who are required to work more than nine hours per day.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _James D. Smullen_
James D. Smullen
Assistant

APPROVED AUG 31, 1940

_Grover Sellers_
FIRST ASSISTANT
ATTORNEY GENERAL

JDS:ob

APPROVED
OPINION COMMITTEE
BY _BWB_
CHAIRMAN